IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JOSE MARTINEZ and CARMEN METROCK,

          **Plaintiffs,**

vs.                                                              **Civ. No.  09-1100 JH/RHS**

**GAINEY TRANSPORTATION SERVICES,
INC. and ROBERT SNEED,**

          **Defendants.**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by the State of New Mexico ("the State"), acting through the New Mexico Department of Transportation and the New Mexico Risk Management Division to intervene in this lawsuit [Doc. No. 13].  The issue presented by the motion is whether or not the State—which has paid worker's compensation benefits to its former employee, Plaintiff Jose Martinez ("Martinez")—should be permitted to intervene under Rule 24 of the Federal Rules of Civil Procedure to protect its right to reimbursement from any tort proceeds that Martinez might recover from Defendants.  After reviewing the briefs filed by counsel, as well as the legal authorities they have cited, the Court concludes that the motion should be denied.

## BACKGROUND

On October 25, 2007, Martinez was an employee of the State of New Mexico Department of Transportation.  As part of his job duties, Martinez was operating a tractor/mower on the shoulder of Interstate-10 in New Mexico when he was struck by a tractor-trailer driven by Defendant Robert Sneed ("Sneed"), an employee of Defendant Gainey Transportation Services ("Gainey"). Martinez suffered injuries.  The State, which is self-insured, paid worker's compensation benefits to Martinez.

On October 16, 2009, Martinez and his companion, Carmen Metlock, filed their complaint for personal injuries in Second Judicial District Court, Bernalillo County, New Mexico. In that complaint, the plaintiffs alleged that Gainey and Sneed are liable for damages stemming from negligence; respondeat superior; negligent entrustment; negligent hiring, retention, and supervision; and loss of consortium. Plaintiffs also claim that both defendants are liable for punitive damages. On November 18, 2009, Gainey removed the case to this Court.

On January 20, 2010, the State filed its motion to intervene as of right under Rule 24(a), arguing that intervention is necessary to protect its right to be reimbursed by Martinez from any proceeds he recovers from the defendants. In the alternative, the State argues that it is entitled to permissive intervention under Rule 24(b).[1] To its motion the State attached its Proposed Complaint in Intervention, which places the State in the posture of a Plaintiff-Intervenor.

## LEGAL STANDARD

Rule 24(a)(2) provides intervention as of right to anyone who, "[o]n timely motion, . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. The Tenth Circuit has summarized the requirements for intervention as of right as: "(1) the application is 'timely'; (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be

---

[1] Initially, the State moved not only to be permitted to intervene in this case, but also for an order directing Defendants to place into the Court registry a sum in excess of $46,000, representing the amount of worker's compensation benefits already paid to Martinez, plus a sum for reasonable future medical bills, pending final disposition of Martinez' underlying tort claims against Defendants. Doc. No. 13 at 3. The State has now withdrawn its request for such an order and now seeks solely to intervene. *See* Doc. No. 17 at 2.

'impaired or impeded'; and (4) 'the applicant's interest is [not] adequately represented by existing parties.' " *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (alteration in original) (quoting *Coalition of Arizona/New Mexico Counties v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

Rule 24(b)(1)(B) provides for permissive intervention when, on timely motion, the movant demonstrates that its claim "shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). However, in deciding whether to permit intervention, the court is also required to consider whether the intervention will "unduly delay or prejudice" the adjudication of the rights of existing litigants. Fed. R. Civ. P. 24(b)(3).

## DISCUSSION

### I. INTERVENTION AS OF RIGHT

Plaintiffs do not dispute that the State's application is timely or that it claims an interest "relating to" the transaction that is the subject of this lawsuit—that is, that the State claims an interest in any proceeds that Martinez obtains from his tort claims against Gainey and Sneed. What is at issue here is whether the State's interest may as a practical matter be impaired or impeded if it is not permitted to intervene, as well as whether the State's interest is adequately represented by existing parties, namely Martinez.

#### A. New Mexico Law

In order to determine whether the State's interest may be impaired or impeded if it is not permitted to intervene, as well as whether or not the Plaintiffs can adequately represent that interest, it is necessary to first determine the nature and extent of that interest. For that determination, the Court must turn to New Mexico law regarding the rights of worker's compensation insurers to receive reimbursement from the proceeds obtained by workers from third-party tortfeasors. Such

a review must begin with *Fernandez v. Ford Motor Co.*, 118 N.M. 100, 879 P.2d 101 (Ct. App. 1994). In that case, the district court granted the worker's compensation carrier's request to file a complaint-in-intervention (thereby joining the lawsuit as a plaintiff) during the wrongful death case brought by the worker's personal representative against the alleged third-party tortfeasor. The worker's compensation carrier sought to recoup worker's compensation benefits paid to the family of the deceased, and therefore asserted its right of reimbursement during the course of the underlying tort action. However, the Court of Appeals held that the district court erred by allowing the carrier to intervene in the underlying case, as such intervention was premature. *Id*. at 106, 879 P.2d at 107. The court reasoned that although titled as a "subrogation" measure, the statute entitling worker's compensation carriers to a portion of the worker's tort proceeds—NMSA 1978, § 52-5-17—"operates as a '*reimbursement*' provision." *Id*. (emphasis in original) (quoting *Montoya v. AKAL Sec., Inc.*, 114 N.M. 354, 355, 838 P.2d 971, 972 (1992). The *Fernandez* court pointed out that the New Mexico Supreme Court has held not only that § 52-5-17 is a reimbursement statute, but also that "there is but a single cause of action *in the employee*, even though a part of the recovery is to be paid to the employer or his insurer." *Id*. at 107, 879 P.2d at 108 (emphasis added) (quoting *Royal Indem. Co. v. Southern Cal. Petroleum Corp.*, 67 N.M. 137, 144, 353 P.2d 358, 363 (1960)). Under the circumstances presented in *Fernandez*, this meant that the worker's compensation carrier's "right to reimbursement does not arise unless and until there has been a recovery by Plaintiff . . ." *Id*. As a result, the *Fernandez* court opined that a district court must exercise caution in determining "during what phase of the litigation to allow the intervention so as to avoid prejudice to Plaintiff."[2] *Id*. Relying on the New Mexico Supreme Court's opinion in *Varney v. Taylor*, 71

---

[2] In *Liberty Mut. Ins. Co. v. Salgado*, 2005-NMCA-144, ¶ 14, 138 N.M. 685, the New Mexico Court of Appeals described the conflicts that can arise between the worker and the

N.M. 444, 446, 379 P.2d 84, 85 (1963), the Court concluded that the worker's compensation carrier should not be permitted to intervene until the underlying tort case is ready for judgment, and that in the meantime the carrier should be precluded from participating as a party-plaintiff. *Id. Accord Transport Indem. Co. v. Garcia*, 89 N.M. 342, 345, 552 P.2d 473, 476 (Ct. App. 1976) (holding that worker's compensation carrier has a right of reimbursement that is "operative only if a third party recovery is made by the [worker]. Accordingly, the carrier cause of action, upon the happening of the condition, is against the [worker] and not the third party.").

The holding of *Fernandez* remains undisturbed. In *Eskew v. Nat'l Farmers Union Ins. Co.*, 2000-NMCA-093, 129 N.M. 667, the Court held that a trial court has discretion to assess costs against a worker's compensation insurer that intervenes in a worker's lawsuit against an alleged third-party tortfeasor. In the course of its analysis, the *Eskew* court confirmed that the worker's compensation carrier has a right of reimbursement, not one of subrogation or assignment. *See id.* at ¶ 11. And, while the court also confirmed that a worker's compensation carrier may intervene in a worker's tort case in order to protect its right of reimbursement, the court declined to address the *Fernandez* court's holding that the carrier may not intervene until the tort case is ready for judgment. *Id.* at ¶ 16.[3]

---

worker's compensation carrier in the third-party tort proceeding: "Workers in the tort suit will likely advocate for a proportionally greater award for pain and suffering while employers will advocate for a proportionately greater award for medical expenses or lost wages. The difference in their interest could create conflict in such basic decisions as to whether to settle or take a matter to trial."

[3] The *Eskew* court did note that in a case involving automobile insurance, *Garcia v. General Elec.*, 1999-NMCA-139, ¶ 16, 128 N.M. 291, the court suggested that insurers may intervene in third-party tort actions in order to litigate issues in their own interests. However, the court in *Eskew* declined to address any conflict between *Fernandez* and *Garcia*. Also, the insurer's rights discussed in *Garcia* did not involve the right to reimbursement for worker's compensation carriers set forth in § 52-5-17 of the Worker's Compensation Code, but rather an

Most recently, in another case addressing the rights of worker's compensation carriers, *Liberty Mut. Ins. Co. v. Salgado*, 2005-NMCA-144, 138 N.M. 685, the Court of Appeals again held that such carriers have no independent right to sue third-party tortfeasors. Rather than having a subrogation interest, they have the right only to seek reimbursement from injured workers when such workers also recover from a third party. *Id*. at ¶ ¶ 2, 9. As such, worker's compensation carriers may pursue that right of reimbursement only against the worker, not against the third party, and "the employer/insurer does not own the right to enforce liability." *Id*. at ¶ 9. "Therefore, an employer's/insurer's statutory right of reimbursement is not effective until a worker recovers upon the third-party claim by verdict or settlement." *Id*. at ¶ 10. With regard to the procedural options open to worker's compensation carriers, the *Salgado* court stated that they are "limited to intervening in the worker's lawsuit against the third-party tortfeasor or to obtaining a formal assignment of the worker's rights against the tortfeasor to claim a right of subrogation." *Id*. at ¶ 13. While the court did not explicitly discuss at what point a carrier could intervene in the third-party tort litigation, it did state that decisions of New Mexico courts have "properly balanced the limited right of reimbursement against the overriding concern of a *worker's right to litigate the third-party suit without interference*." *Id*. at ¶ 14 (citing *Fernandez*, 118 N.M. at 107) (emphasis added).

**B.     The State's Interest**

Based upon the foregoing authorities, the Court concludes that at this point in the litigation, the State does not yet have an interest to protect by intervening in this case. As New Mexico courts have repeatedly explained, the worker—Martinez—has the sole cause of action against the alleged tortfeasors as well as the sole right to enforce the defendants' putative liability. Therefore, he must

---

automobile insurance carrier's right of subrogation.

be permitted to pursue that claim without interference from his employer. It does not seem possible that the State could participate in either settlement negotiations or a trial without interfering with Martinez's exclusive right to pursue his tort claims against defendants. On the other hand, as a worker's compensation carrier, the State has an interest in reimbursement only, and that interest does not arise until Martinez obtains a monetary recovery from the defendants, through either a judgment or settlement. Until such a right to recovery has been established, there is no right of reimbursement to protect. As a result, the Court concludes that the State's interest in reimbursement cannot "as a practical matter be impaired or impeded" by its non-involvement in this case, because that interest does not yet exist.

### C. **Adequate Representation**

For similar reasons, the State cannot show that its interest is not adequately represented to the existing parties to this case. As New Mexico courts have explained, in this situation the State's interest is in reimbursement, and that interest arises only when Martinez obtains a recovery. Until that time, there can be no question of Martinez representing the State's interest because the right to enforce the claim against the defendants, as alleged third-party tortfeasors, belongs to Martinez alone.

The State complains that the Worker's Compensation Administration ordered Martinez to provide it with copies of orders and pleadings in this tort action so that the State could protect its interests, and that he has failed to do so. Martinez acknowledges the administrative order and responds that his was not a willful failure to provide documents, but rather a mistake caused by a turnover in staff in his attorney's office. Martinez avers that the mistake has been cured, and the State does not dispute his contention. Martinez further states that he will provide the State will all pleadings and orders in the future. Based upon the pleadings currently before the Court, there is no

reason to disbelieve Martinez or his counsel on this issue, particularly because both have now made that pledge on the record. Furthermore, as further protection to the State's interests, the Court's case management and electronic case filing ("CM/ECF") system provides a mechanism for a non-party such as the State to independently monitor the proceedings in this case. Thus, this hardly poses a risk to the State's interest.

Therefore, for all of the foregoing reasons the State is not entitled to intervene as of right at this time.

## II.   PERMISSIVE INTERVENTION

In order to demonstrate that it is entitled to permissive intervention, the State must demonstrate that it shares with the main tort action a common question of law or fact. The State argues that it shares a common question of law or fact with the underlying case because it has paid medical and indemnity benefits to Martinez for which it seeks reimbursement from any recovery he makes from the defendants for lost wages and medical expenses. Doc. No. 13 at 3. The Court disagrees with the State that it shares a common question of law or fact with the underlying tort action. The issues in the tort case are, essentially: (1) whether the defendants were negligent, (2) if so, whether such negligence was a proximate cause of Martinez's injuries; and (3) the amount of compensatory and punitive damages to which Martinez is entitled. Those issues of law and fact are separate from the issue presented by the State's claim in intervention—that is, of the recovery obtained by Martinez in the tort action, what amount must be allocated to the State as reimbursement? Though related, this is a separate legal question to be decided in accordance with the principles set forth by the New Mexico Supreme Court in *Gutierrez v. City of Albuquerque*, 1998-NMSC-027, 125 N.M. 643.

In addition, before granting permissive intervention the Court must consider whether

allowing such intervention will "unduly delay or prejudice" the adjudication of the rights of existing litigants. As previously discussed in both this opinion and in the New Mexico Supreme Court's *Salgado* opinion, the right to litigate the third party tort claim belongs exclusively to the worker, and permitting the employer or worker's compensation carrier to participate in the settlement negotiations or trial could prejudice the worker's rights. For this additional reason, the Court declines to permit the State to intervene at this time. However, the State may renew its motion if and when Martinez has established his right to a monetary recovery from defendants.

**IT IS THEREFORE ORDERED** that the States's *Motion to Intervene* [Doc. No. 13] is **DENIED** at this time.

UNITED STATES DISTRICT JUDGE